Jacob L. Stipp, Esq. (SBN 282338)
Shelley B. Fessinger, Esq. (SBN 163020)
STIPP LAW FIRM
2333 State Street, Suite 205
Carlsbad, CA 92008
Telephone: (760) 994-0480
Facsimile: (760) 994-0563

**FILED**
Superior Court of California
County of Riverside
6/1/2020
P. Thiphavong
Electronically Filed

Attorneys for Plaintiff MONICA LACOMBE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| MONICA LACOMBE, | CASE NO. MCC2000853 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. Negligence |
| | 2. Premises Liability |
| COSTCO WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE; and DOES 1-50, inclusive, | |
| as Defendants. | |

Plaintiff MONICA LACOMBE alleges the following based upon personal knowledge as to her own acts, and on information and belief as to all other matters.

### GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff MONICA LACOMBE ("Plaintiff") was and still is a resident of the County of Riverside, State of California, and a citizen of the United States.

2. Plaintiff has been informed and believes and thereon alleges that at all times mentioned herein, defendant COSTCO WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE ("COSTCO" or "Defendant"); and DOES 1-50 was and is a corporation,

-1-

partnership, joint venture, or other business entity duly organized and existing under and by virtue of the laws of the State of Washington or some other state with its principal place of business located at 999 Lake Drive, Issaquah, WA 98027.

3. Plaintiff is informed and believes and thereon alleges that at all times material hereto and mentioned herein, each defendant sued herein was the owner, agent, servant, employer, joint venturer, partner, subsidiary, alias, and/or alter ego of each of the remaining defendants sued herein and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each of the remaining defendants sued herein.

4. Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff has been informed and believes and thereon alleges that at all times mentioned herein, Defendants COSTCO and DOES 1-50 owned operated, leased, possessed, maintained and/or controlled the premises located at or around 26610 Ynez Road, Temecula, CA 92591 ("Subject Premises").

6. Plaintiff has been informed and believes and thereon alleges that DOES 1-50, inclusive, are liable in some manner, either by act or omission, negligence, negligence per se, res ipsa loquitor, respondeat superior, employment, agency, breach of statute, or otherwise, for the occurrences herein alleged, and that their injuries, loss, and damages as herein alleged were legally caused by the conduct of DOES 1-50.

7. Plaintiff has been informed and believes and thereon alleges that all of the events, which contributed to the injuries and damages they sustained occurred within the venue of this

**COMPLAINT FOR DAMAGES**

Honorable Court and the relief sought through this Civil Complaint is in excess of $25,000.00, the jurisdictional minimum of this Court.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

8. On or about July 22, 2018, MONICA LACOMBE was an invitee and patron of Defendants at the Subject Premises to purchase items. That day she was in the Subject Premises at which time she slipped and fell upon water generated by an employee operating a floor scrubber machine on the aisleway during open business hours.

9. Unbeknownst to Plaintiff, Defendants created the dangerous condition and also failed to maintain the Subject Premises in a reasonably safe condition by operating a floor scrubber machine during open business hours with patrons and guests in close proximity, failing to warn patrons and guests of the water on the floor being generated by the floor scrubber machine, failing to rope off the area and/or aisle while the employee was operating the floor scrubber machine, and failing to warn their invitees, guests and patrons, including Plaintiff MONICA LACOMBE that the aisleway was unsafe to walk upon.

10. As a result of Plaintiff's fall, Plaintiff suffered serious and permanent injuries, including physical, mental and emotional pain and suffering.

11. MONICA LACOMBE's fall injuries were the direct and proximate result of Defendants' negligence and numerous failures. Her injuries, subsequent treatment, and continued physical injury, pain, suffering and emotional distress were the direct and proximate result of Defendants' negligently creating the dangerous condition and failures to ensure that the Subject Premises was safe for its customers, patrons and invitees, including, MONICA LACOMBE. As a result, MONICA LACOMBE brings suit against Defendants and DOES 1-50, as plead herein below.

## FIRST CAUSE OF ACTION

**(Negligence Against COSTCO WHOLESALE and DOES 1-50)**

12. Plaintiff realleges as though fully set forth and incorporates herein by reference, paragraphs 1 through 11 as though fully set forth within.

**COMPLAINT FOR DAMAGES**

13. Defendants COSTCO and DOES 1-50, as property owners, lessees, operators, maintenance, managers, controllers and/or occupants of the Subject Premises, owed a duty to maintain the Subject Premises in a reasonably safe condition, repair any dangerous conditions, warn Plaintiff and other customers of dangerous conditions, and otherwise exercise reasonable care in such ownership, maintenance, operation, control, repair, supervision, management and occupation, so as not to expose their customers, invitees and patrons, including Plaintiff, to unreasonable risks of harm.

14. Despite such duties owed by defendants COSTCO and DOES 1-50, including those duties owed to Plaintiff MONICA LACOMBE, defendants COSTCO and DOES 1-50 breached said duties by: (1) failing to maintain the Subject Premises in a reasonably safe condition; (2) negligently operating the floor scrubber machine during open store hours; (3) failing to warn Plaintiff of the danger presented by the water on the floor that was generated by the floor scrubber machine; (4) failing to rope off the area and/or aisle while operating the floor scrubber machine; (5) failing to put up warning signs; and (6) failing to otherwise exercise due care with respect to the matters alleged in this complaint.

15. These breaches occurred despite the fact that defendants knew, or in the exercise of reasonable care should have known that the Subject Premises, and specifically the ladder on sales floor, posed an unreasonable risk of harm to patrons and invitees of the Subject Premises, including

16. As a direct and proximate result of the negligence of defendants COSTCO and DOES 1-50 as set forth above, Plaintiff MONICA LACOMBE slipped and fell to the ground, sustaining personal injuries including physical injury, pain, suffering and emotional distress. She continues to suffer from said conditions and symptoms. Defendants COSTCO and DOES 1-50's conduct was a direct and substantial factor in causing her harm. As a proximate result of the negligent conduct of defendants COSTCO and DOES 1-50 and each of them, Plaintiff MONICA LACOMBE has sustained special and general damages, in an amount unascertained at this time, but according to proof at the time of trial.

///

///

## SECOND CAUSE OF ACTION

### (Premises Liability Against COSTCO WHOLESALE and DOES 1-50)

17. Plaintiff realleges as though fully set forth and incorporates herein by reference, paragraphs 1 through 16 as though fully set forth within.

18. At all times herein mentioned, defendants COSTCO and DOES 1-50, did so own, maintain, lease, rent, operate, control, repair, supervise, manage and/or occupy those certain premises located at 26610 Ynez Road, Temecula, CA 92591, and upon which Plaintiff MONICA LACOMBE slipped and fell. Defendants, in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying those certain premises located at 26610 Ynez Road, Temecula, CA 92591, owed a duty to their patrons, invitees, and/or guests to use reasonable care in maintaining Subject Premises in a reasonably safe condition, repair any dangerous conditions, warn plaintiff and their other customers of dangerous conditions, and exercise due care in the management, operation, ownership and/or control of the Subject Premises.

19. Despite such duties owed by COSTCO and DOES 1-50, including those duties owed to Plaintiff MONICA LACOMBE, defendants COSTCO and DOES 1-50 breached said duties by: (1) failing to maintain the Subject Premises in a reasonably safe condition; (2) negligently operating the floor scrubber machine during open store hours; (3) failing to warn Plaintiff of the danger presented by the water on the floor that was generated by the floor scrubber machine; (4) failing to rope off the area and/or aisle while operating the floor scrubber machine; (5) failing to put up warning signs; and (6) failing to otherwise exercise due care with respect to the matters alleged in this complaint.

20. These breaches occurred despite the fact that defendants knew, or in the exercise of reasonable care should have known that the Subject Premises, and specifically the water generated by use of the floor scrubber machine and covering the floor in the aisle, posed an unreasonable risk of harm to patrons and invitees of the Subject Premises, including MONICA LACOMBE.

21. As a direct and proximate result of the negligence of defendants COSTCO and DOES 1-50 as set forth above, plaintiff MONICA LACOMBE slipped and fell to the ground, sustaining personal injuries including physical injury, pain, suffering and emotional distress. She

---

**COMPLAINT FOR DAMAGES**

1  continues to suffer from said conditions and symptoms. Defendants COSTCO and DOES 1-50's
2  conduct was a direct and substantial factor in causing her harm. As a proximate result of the
3  negligent conduct of defendants COSTCO and DOES 1-50 and each of them, plaintiff MONICA
4  LACOMBE has sustained special and general damages, in an amount unascertained at this time,
5  but according to proof at the time of trial.
6      WHEREFORE, plaintiff prays that after due proceedings, judgment be rendered in her
7  favor as against defendants COSTCO and DOES 1-50, and each of them, as follows:
8      1.    For general and special damages in an amount according to proof;
9      2.    For medical and incidental expenses, including future expenses, according to
10 proof;
11     3.    For loss of earnings and other incidental expenses according to proof;
12     4.    For all costs of suit incurred herein;
13     5.    For prejudgment interest at the rate allowed by law and in accordance with the
14 provisions of Section 3291 of the Civil Code of California;
15     6.    For such other further relief as the Court may deem just and proper.
16 DATED: March 18, 2020            **STIPP LAW FIRM**

By: _____
Shelley B. Fessinger, Esq.
Attorneys for Plaintiff MONICA LACOMBE