UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-2486 JGB (SHKx) | Date | January 27, 2021 |
| Title | *Monica Lacombe v. Costco Wholesale Corporation, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the February 1, 2021 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Remand filed by Plaintiff Monica Lacombe. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for February 1, 2021.

## I.   BACKGROUND

On June 1, 2020, Plaintiff filed a Complaint in the Superior Court of California for the County of Riverside against Costco Wholesale Corporation ("Costco") and Does 1 through 50. ("Complaint," Dkt. No. 1-1.) The Complaint alleges two causes of action: (1) negligence; and (2) premises liability. (Compl. ¶¶ 12-21.)

On November 30, 2020, Defendant Costco removed the action on the basis of diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on December 29, 2020. Defendant filed an opposition on January 11, 2021. ("Opposition," Dkt. No. 12.) Plaintiff replied on January 25, 2021.[1] ("Reply," Dkt. No. 13.)

---

[1] Pursuant to Local Rule 7-10, reply papers must be filed no later than fourteen days before the hearing date. Plaintiff's reply, filed seven days before the hearing date, is untimely. Although the Court considers this reply, the Court cautions that future filings that fail to comply with the Federal Rules of Civil Procedure, Local Rules, or the Court's Standing Order may be stricken.

## II. FACTUAL ALLEGATIONS

On or about July 22, 2018, Plaintiff went to a store operated by Defendant located at 26610 Ynez Road, Temecula, CA ("Premises") to purchase items. (Compl. ¶¶ 5, 8.) After an employee operated a floor scrubber machine on the aisleway during business hours, Plaintiff slipped and fell on water generated by the machine. (Id. ¶ 8.) Defendant failed to warn patrons and guests about the water on the floor, to rope off the area while the employee was operating the floor scrubber, or to warn Plaintiff that the aisleway was unsafe to walk on. (Id. ¶ 9.) As a result of the fall, Plaintiff alleges that she suffered serious and permanent injuries, including physical, mental, and emotional pain and suffering. (Id. ¶10.)

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## IV. DISCUSSION

Plaintiff argues that Defendant's removal was untimely. (Mot.) Where a complaint is removable on its face, the notice of removal must be filed within 30 days of receipt by the Defendant. 28 U.S.C.A. § 1446 (b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446 (b)(3). This time limit "is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014).

In its Notice of Removal, Defendant asserted that because "Plaintiff did not file a statement of damages nor did she provide a specific monetary demand within her Complaint[,]" Defendant was put on notice that the amount in controversy exceeds $75,000 on November 3, 2020, when Costco received Plaintiff's discovery responses. (Notice of Removal ¶¶ 5, 11.) In

the discovery responses, Plaintiff alleges 17 separate injuries or types of pain, and indicates that she intends to have neck surgery.  (Id. ¶ 5; Opp'n at 3.)

Plaintiff argues that (1) the Complaint was removable on its face; (2) her pre-filing demand letter provided context allowing Defendant to intelligently ascertain that the case was removable; and (3) a July 27, 2020 e-mail and the transcript of a September 14, 2020 call are "other papers" that established the requisite amount in controversy.  (Mot. at 6.)

**A. Complaint**

First, Plaintiff argues that the Complaint was removable on its face because it alleges that Plaintiff "suffered serious and permanent injuries."  (Mot. at 6; Compl. ¶ 10.)  "A pleading need not identify a specific amount in controversy in order to trigger the thirty-day removal period." Rodriguez v. Boeing Co., 2014 WL 3818108, at *4 (C.D. Cal. 2014).  Rather, where a defendant is able to "intelligently ascertain" from the complaint that the claims exceed $75,000, the thirty-day period begins upon defendant's receipt of the complaint.  Rodriguez v. Boeing Co., 2014 WL 3818108, at *4 (C.D. Cal. 2014).

Plaintiff argues that alleging "serious and permanent" injuries suggests that the case involves a large claim of damages, and is sufficient for Defendant to intelligently ascertain that the amount in controversy exceeds $75,000. (Mot. at 7.)  However, the Court is not convinced that merely alleging that Plaintiff suffered "serious and permanent injuries" from the fall is sufficient to give notice to Defendant that the claims exceed $75,000.  Other than general "physical, mental and emotional pain and suffering[,]" (Compl. ¶ 10), the Complaint provides no additional information about the extent or nature of Plaintiff's injuries.  As Defendant points out, most of Plaintiff's authorities are wrongful termination or wage and hour suits, claiming specific damages (such as back- and front-pay) that defendants could calculate with salary, benefits, and other relevant information readily available to them.  See, e.g., Rodriguez, 2014 WL 3818108, at *5 (finding that where "a long-term employee … seeks lost income, damages for emotional pain and suffering, punitive damages, and attorney's fees, the amount in controversy is likely to exceed $75,000"; noting that "Defendant should have known the approximate amount Plaintiff made each year"); Jones v. CLP Res., Inc., 2016 WL 8950063, at *6 (C.D. Cal. May 23, 2016) (finding that complaint seeking monetary damages for unpaid wages, continuing wages, lost income and benefits, unpaid overtime, and others made it apparent that the controversy likely exceeded $75,000).

Here, the Court agrees that Plaintiff's unspecified, general injuries cannot be monetized with information available to Defendant.  Because Defendant "need not make extrapolations or engage in guesswork[,]" the Court finds that the Complaint was not removable on its face. Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013); see also Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) (The Court is "not require[d] … to inquire into the subjective knowledge of the defendant[.]"); Matter, Inc. v. Bryant, 441 F. Supp. 2d 1081 (C.D. Cal. 2005) (noting that information supporting removal must be "unequivocally clear and certain").

### B. Pre-Filing Demand Letter

Plaintiff next argues that a demand letter sent to Costco and its insurance carrier provides context to the Complaint. (Mot. at 8.) As Plaintiff acknowledges, the Ninth Circuit has clarified that "any document received prior to the receipt of the initial pleading cannot trigger the ... [30]-day removal period" under § 1446(b)(3). See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 885-86 (9th Cir. 2010) (holding that plaintiff's settlement demand made prior to the defendant being formally served with the initial pleading is not an "other paper" under § 1446(b)(3), and thus does not start the 30-day clock to file a notice of removal). Plaintiff attempts to distinguish Carvalho by arguing that she merely offers the demand letter as context to the allegations in the Complaint, which should have triggered the 30-day period under Section 1446(b)(1) by allowing Costco to intelligently ascertain from the Complaint that the controversy exceeds $75,000. (Mot. at 9.) The Court is not persuaded by this distinction. Caravalho explicitly rejects the suggestion that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some hybrid of the first and second removal periods." 629 F.3d at 886. Instead, the Court reiterated its "bright-line approach" that the (b)(1) period of removal only comes into play if removability is ascertainable from "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. (citing Harris, 425 F.3d at 694). The Ninth Circuit therefore refused to require defendants "to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable." Id. The Court rejects Plaintiff's argument, and finds that the pre-filing demand letter did not establish removability.

### C. Other Papers

Finally, Plaintiff argues that the Notice of Removal is also untimely under 1446(b)(3), as Plaintiff could have ascertained that the case was removable from: (1) a July 27, 2020 e-mail where Plaintiff's Counsel mentioned she was "expected to have major neck surgery, but has been delayed because of Covid"; and (2) a September 14, 2020 telephone call between Plaintiff's Counsel and Defendant's insurance carrier, Gallagher Bassett, where Plaintiff's Counsel confirmed a settlement demand of the policy limits, which Plaintiff understands to be $1 million. (Mot. at 11-12.) Plaintiff claims that major neck surgery is "a clear indicator that the medical bills, and the pain-and-suffering from the surgery" exceed $75,000, and that her attorney's statement during the September call similarly made it clear that the amount in controversy exceeds $75,000. (Id.)

Defendant counters that an e-mail mentioning "major surgery" is a far cry from "unequivocally clear and certain information" required to give notice to a defendant. Defendant adds that a telephonic conversation is similarly not a paper within the meaning of Section

1446(b)(3).² 8 U.S.C. § 1446 (b)(3) ("copy of an amended pleading, motion, order or other paper from which [removability] may first be ascertained" may trigger the 30-day period). The Court agrees. Plaintiff provides no support for her argument that the telephone call or e-mail fall within the definition of "other paper" under Section 1446(b)(3), nor does she convincingly establish that a passing reference to "major neck surgery" would put Defendant on notice that the jurisdictional minimum had been reached.

Because the first papers from which Defendant could ascertain that the case was removable appear to be Plaintiff's November 3, 2020 discovery responses, Defendant's removal was timely. (Opp'n at 3; Notice of Removal ¶¶ 5, 11.) The Court DENIES Plaintiff's Motion.

## V.    CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion to Remand. The February 1, 2021 hearing is VACATED.

**IT IS SO ORDERED.**

---

² "Other paper" under 28 U.S.C. § 1446(b)(3) has been interpreted broadly to include documents generated within the state court litigation. Lillard v. Joint Med. Prods., 1995 WL 20609, at *2 (N.D. Cal. Jan.13, 1995) (citing Smith v. Int'l Harvester Co., 621 F. Supp. 1005, 1009 (D. Nev. 1985). The "other paper" must result from a voluntary act of a plaintiff which gives a defendant notice of the changed circumstances which support federal jurisdiction. Owen v. L'Occitane, Inc., 2013 WL 941967, at *8 (C.D. Cal. Mar. 8, 2013). This includes reply briefs, responses to interrogatories, and deposition questions. Carvalho, 629 F.3d at 887; Eyak Native Vill. v. Exxon Corp., 25 F.3d 773, 779 (9th Cir. 1994).