JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-2486 JGB (SHK) | Date | July 29, 2021 |
|---|---|---|---|
| Title | *Monica Lacombe v. Costco Wholesale Corporation et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Substitute Parties (Dkt. No. 20); GRANTING Plaintiff's Motion to Remand (Dkt. No. 21); and (3) VACATING the August 2, 2021 Hearing (IN CHAMBERS)

    Before the Court are two motions: Plaintiff's motion to amend the complaint to substitute parties, ("MTS," Dkt. No. 20), and to remand the case to Riverside Superior Court, ("MTR," Dkt. No. 21) (collectively, "Motions"). The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motions, the Court GRANTS the Motions. The August 2, 2021 hearing is VACATED.

## I. BACKGROUND

    On June 1, 2020, Plaintiff Monica Lacombe filed a complaint against Defendants Costco Wholesale Corporation ("Costco") and Does 1-50 in the Superior Court of Riverside County. ("Complaint," Dkt. No. 1-1.) The Complaint alleges two causes of action: (1) Negligence; and (2) Premises Liability. (Compl. ¶¶ 12-21.) On August 6, 2020, Defendant Costco filed its Answer in state court. (Dkt. No. 1-10.)

    On November 30, 2020, Defendant Costco removed the action to federal court on diversity grounds. ("Notice of Removal," Dkt. No. 1.) On December 29, 2020, Plaintiff filed a motion to remand. ("First MTR," Dkt. No. 9.) On January 27, 2021, the Court denied Plaintiff's First MTR.

    On June 1, 2021, Plaintiff filed the Motions. (See Motions.) In support of the MTS, Plaintiff filed a memorandum of points and authorities ("Memo," Dkt. No. 20-1), the declaration

of Jacob L. Stipp ("Stipp Declaration," Dkt. No. 20-4), and Exhibits 1-2 (Dkt. No. 20-2-3). Defendant opposed the Motions on June 15, 2021.  ("Opposition," Dkt. No. 23.)  Plaintiff replied in support of the Motions on June 25, 2021.  ("Reply," Dkt. No. 26.)

## II.  FACTUAL ALLEGATIONS

Plaintiff alleges the following facts.  Defendants Costco and Does 1-50 own, operate, lease, possess, maintain and/or control a Costco store, located at 26610 Ynez Road, Temecula, CA 92591 ("Premises").  (Compl. ¶ 5.)  On July 22, 2018, Plaintiff was a patron at the Premises, when she slipped and fell upon water generated by an employee operating a floor scrubber machine.  (Id. ¶ 8.)  Defendants failed to maintain the Premises in a reasonably safe condition or rope off the area while the employee operated the floor scrubber.  (Id. ¶ 9.)  As a result of the fall, Plaintiff alleges she suffered serious and permanent injuries.  (Id. ¶ 10.)

In the Motions, Plaintiff seeks to add a non-diverse defendant, Darrell Teasley, Jr. ("Teasley") and remand the case to state court.  (See Motions.)  Plaintiff alleges Teasley is the Costco employee who failed to exercise reasonable care when he operated the floor scrubber, which resulted in Plaintiff's fall and injuries.  (Stipp Decl. ¶¶ 2-4.)

## III.  LEGAL STANDARD

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e).  Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality.'"  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment."  United States, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F. 3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant."  Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D. Cal. 2007)).  These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new

defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F.Supp. 2d 1016, 1020 (C.D. Cal. 2002).

## IV.    DISCUSSION

### A.  Motion to Substitute

Plaintiff moves to substitute Darrell Teasley Jr., a Costco employee, as Defendant Doe 1. (MTS.) Because Teasley is a California resident, Plaintiff also moves to remand the action to state court, arguing that the Court would no longer have subject matter jurisdiction on the basis of diversity. (MTA.) Defendant contends Plaintiff's Motions are a sham or fraudulent joinder intended to defeat diversity jurisdiction because Teasley is not a necessary party under Rule 19(a). While Defendant only addressed two of the relevant factors in its Opposition, the Court will briefly discuss the remaining factors.

#### 1.  Necessary Parties Under Rule 19(a)

The Court finds that Teasley is not a necessary party under Rule 19(a). A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonnerville Power Admin., 928 F.3d 805, 912 (9th Cir. 1991) (citation omitted). The Ninth Circuit explains such a rule requires joinder of a party when "complete relief" cannot be accorded without such joinder or, when disposing of the action without the joined party may (i) impede that person's ability to protect their interest or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. Pro. 19(a); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983).

Here, no such circumstances exist. Plaintiff seeks money damages, and Costco may be held liable for damages caused by their employees, even if Teasley is not joined in this action. See Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820, (1992) (citing Golceff v. Sugarman, 36 Cal. 2d 152, 154 (1950)). In fact, Plaintiff concedes that "Teasley may not automatically be a necessary party." (Reply at 1.) Plaintiff would be able to obtain complete relief in Teasley's absence. This factor weighs against amendment.

#### 2.  Statute of Limitations

The statute of limitations for personal injury claims in California is two years. Cal. Code. Civ. Proc. § 335.1. The alleged incident occurred on July 22, 2018. While the statute of limitations has expired, as Plaintiff points out, a plaintiff can amend a complaint by adding parties as Doe Defendants under California Code of Civil Procedure § 474 "[w]hen the plaintiff is

ignorant of the name of a defendant" at the time the complaint is filed. Cal. Code Civ. Proc. § 474. Thus, since the amendment asserts a claim that arose out of the original incident, the substitution can relate back to the filing of the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Because Plaintiff would not be time-barred from filing a new action in state court in this instance, this factor weighs against amendment.

### 3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment less than six weeks after complaint to be timely). Here, Plaintiff seeks to amend her Complaint approximately 5 months after removal. Plaintiff explains she did not have the floor scrubber operator's identifying information when she filed the complaint in state court. (Memo at 1.) Plaintiff recently learned the full name of the floor scrubber operator through discovery responses by Costco on April 22, 2021. (Stipp Decl. ¶¶ 3-4.) However, the name provided, "Darryl Teasly," was spelled incorrectly. (Id.) Plaintiff investigated and determined the employee's actual name to be "Darrell Teasley Jr." (Id.) On May 31, 2021, Plaintiff requested that Costco stipulate to allow her to file an amended Complaint, but Costco declined. (Id. ¶ 6.) On June 1, 2021, Plaintiff filed the Motions to meet the Scheduling Order's deadline to add additional parties. (Id.) The Court finds that Plaintiff acted in a timely fashion and did not unreasonably delay. This factor strongly favors amendment.

### 4. Purpose of Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). Defendant argues that Plaintiff's motive for substituting Teasley as Defendant Doe 1 is to defeat diversity jurisdiction. (Opp'n at 4.) However, suspicion of amendment for the purpose of destroying diversity jurisdiction is not an important factor in this analysis, as Section 1447(e) gives courts flexibility in determining how to handle addition of diversity destroying defendants. See IBC Aviation, 125 F. Supp. 2d at 1012 (citing Trotman v. United Parcel Serv., 1996 WL 428333, at *1 (N.D. Cal. 1996) ("The legislative history to § 1447(e) … suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Although Plaintiff's wish to add Teasley is questionable, Plaintiff's underlying allegation is not so threadbare as to support a conclusion of bad faith. The Court therefore finds that this factor weighs in favor of amendment.

### 5. Validity of the Claims Against the New Defendant

The Court finds that Plaintiff's claim against Teasley is facially viable and therefore survives the fraudulent joinder analysis. Defendant argues that Plaintiff's attempt to add an unnecessary party constitutes a sham joinder. Not so. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

plaintiff to establish a cause of action against the non-diverse party in state court.'" GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).  The Ninth Circuit has emphasized that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Id. at 549.  Rather than merely showing the plaintiff has not alleged facts plausibly stating a claim for relief, a defendant must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. at 548 (internal quotation marks and citations omitted).  Thus, that a court would grant a motion to dismiss the claim is insufficient to establish fraudulent joinder. Id. at 550.  "[T]he district court must [still] consider … whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id.  Defendants asserting fraudulent joinder bear a "heavy burden" because there is a "general presumption against [finding] fraudulent joinder." Id. at 548 (quoting Hunter, 582 F.3d at 1046 (2009)).

Here, Plaintiff's claim against Teasley appears to be viable.  To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility.  Instead, "under section 1447(e), the Court need only determine whether the claim 'seems' valid." Freeman v. Cardinal Health Pharmacy Servs., LLC, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (quoting Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011)); see also Sabag v. FCA US, LLC, 2016 WL 6581154, at *6 (C.D. Cal. 2016) ("In considering the validity of plaintiff's claims, the [c]ourt need only determine whether the claim seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgement.") (internal quotations omitted).

Plaintiff seeks to assert a negligence claim against Teasley.  (Memo at 6.)  To state a claim for negligence, a plaintiff must establish: (1) the defendant had a duty to use due care, (2) the defendant breached that duty, and (3) that breach was the proximate or legal cause of the resulting injury. Hayes v. City of San Diego, 57 Cal. 4th 622, 629 (2013) (citations omitted).  Plaintiff alleges Teasley failed to adhere to the standard of care required when operating a floor scrubber when he failed to rope off the area where the floor scrubber was operated, resulting in Plaintiff's fall and injuries.  (Memo at 6.)  Plaintiff's allegations are sufficient to state a negligence claim that "seems valid." Freeman, 2015 WL 2006183, at *3 (internal quotations omitted).  This factor weighs strongly in favor of amendment.

### 6. Prejudice to Plaintiff

The Court finds that Plaintiff would not be prejudiced by denial of leave to substitute because Plaintiff may subpoena Teasley to testify at trial to, for example, establish Costco's actual or constructive knowledge of the dangerous condition at issue. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).  This factor therefore weighs against amendment.

After balancing the above factors, the Court finds that amendment is warranted.  Accordingly, the Court GRANTS Plaintiff's Motion to Substitute.

### B. Motion to Remand

Federal courts have jurisdiction over state law actions in which the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a). Defendant properly removed this matter because Costco is a Washington corporation, Plaintiff is a citizen of California, and the amount in controversy exceeds $75,000. (See Notice of Removal.) However, because Teasley is a citizen of California, with his addition to this action, the parties are no longer diverse.

Accordingly, the Court no longer has jurisdiction over this matter. The Court GRANTS Plaintiff's motion to remand and REMANDS this matter to Riverside Superior Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## V. CONCLUSION

For the reasons above, the Motions are GRANTED. This matter is REMANDED to Riverside County Superior Court. The August 2, 2021 hearing is VACATED.

**IT IS SO ORDERED.**